758 F.Supp. 1316 (1991)
Greg SCHER, et al., Plaintiffs,
v.
Jim PURKETT, et al., Defendants.
No. 91-296-C-5.
United States District Court, E.D. Missouri, E.D.
March 18, 1991.
Greg Scher, Mark Power, Greg Carter, pro se.
Priscilla Gunn, Evans & Dixon, St. Louis, Mo., for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiffs, who are inmates at the Farmington Correctional Center ("FCC"), filed this action against defendants pursuant to 42 U.S.C. § 1983. This cause is before the Court on a frivolity review pursuant to 28 U.S.C. § 1915(d).
Plaintiffs are confined to punitive segregation. Defendants have issued an edict that bars inmates in punitive segregation from purchasing or using shampoo or deodorant. Plaintiffs assert that the deprivation of shampoo and deodorant violates their eighth amendment right to be free of cruel and unusual punishment. In order to state a cause of action under the eighth amendment, a prisoner must allege that he has been denied "the minimal civilized measure of life's necessities." Flowers v. Fauver, 683 F.Supp. 981, 985 (D.N.J.1988) (quoting Union County Jail Inmates v. DiBuono, 713 F.2d 984, 999 (3d Cir.1983), reh'g denied, 718 F.2d 1247 (3d Cir.), cert. *1317 denied, 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130 (1984), quoting Rhodes v. Chapman, 452 U.S. 337, 247, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). Food (nutritionally adequate meals), shelter (adequate heating and ventilation), and medical care (for serious medical needs) have been held to constitute the necessities of life. Items such as shampoo and deodorant may enhance one's beauty, appearance, and level of personal hygiene. The denial of these toiletries, however, does not rise to the level of a constitutional violation.
In Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Court held that to dismiss an in forma pauperis complaint as frivolous under 28 U.S.C. § 1915(d) the district court must find that the complaint "lacks an arguable basis either in law or in fact." 109 S.Ct. at 1831. Plaintiffs' complaint lacks an arguable basis in law or in fact because the denial of shampoo and deodorant does not constitute cruel and unusual punishment.

Greg Scher
Plaintiff Gregory Scher has distinguished himself as a frequent filer of prisoner civil rights suits. A brief perusal of the Court's files has revealed the following suits filed by Scher: Scher v. Westfall, 88-245-C-6; Scher v. Dowd, 89-1387-C-5; Scher v. Armontrout, 87-98-C-1; Scher v. Aschroft, 88-122-C-6; Scher v. Moore, 86-1000-C-5; Scher v. McNary, 88-2159-C-5; Scher v. Purkett, 91-296-C-6; Scher v. Williford, 91-114-C-3; Scher v. Mitchell, 91-115-C-7; Scher v. Chief Postal Inspector, 91-466-C-3; Scher v. Purkett, 91-435-C-4; Scher v. Dick Moore, 91-412-C-5; Scher v. Leah Embly, 91-41-C-2; Scher v. Richard Sindel, 91-136-C-2; Scher v. Neff, 91-141-C-3; Scher v. Jim Purkett, 90-2381-C-7; Scher v. Bill Armontrout, 86-Misc-453; Scher v. William Webster, 90-1940-C-6; Scher v. Aschroft, 90-2220-C-7; Scher v. Joann Weinberger, 90-922-C-2.
The Court suspects that Scher files these suits to harass the defendants and provide a source of amusement for himself. The Court, however, is not amused by Scher or this increasingly common form of inmate knavery. The Court is poised to demonstrate just how vexed it has become with malcontent inmates who fill their idle time, and the Court's precious time, by filing § 1983 complaints about the petty deprivations inherent in prison life.
Scher should construe this memorandum as a warning that it will no longer tolerate the filing of frivolous lawsuits. If the Court determines that Scher has filed another lawsuit for the purpose of harassment or amusement, the Court will strip Scher of the ability to file suits in forma pauperis, and will impose substantial monetary sanctions against Scher that will be satisfied by a regular deduction from Scher's inmate account.

ORDER
In accordance with the memorandum filed herein this day,
IT IS HEREBY ORDERED that plaintiffs' complaint is DISMISSED as frivolous under 28 U.S.C. § 1915(d).